# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. CRUMMER, | CASE NO. 1:11-cv-01157-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| M. H. REVELL, et al., | (Doc. 6) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.  Screening Requirement and Standard**

Plaintiff Michael J. Crummer, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 14, 2011. Plaintiff's original complaint was unsigned and pursuant to court order, he filed a signed amended complaint on August 8, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Discussion**

    **A.     Allegations**

Plaintiff, who is currently incarcerated at California State Prison-Sacramento, brings this suit against Licensed Vocational Nurse M. H. Revell, Senior Registered Nurses J. Renn and S. MacIlvaine, Chief Medical Officer E. Clark, and CEO T. Macias arising out of an incident at California State Prison-Corcoran in 2010.

Plaintiff alleges that on July 31, 2010, Defendant Revell dispensed Plaintiff's medication to his cellmate, who took it. When Plaintiff approached the cell door to get his dose, Defendant Revell was already walking away. Plaintiff had the guard summon her back and the mistake was revealed.

Defendant Revell subsequently issued Plaintiff a Rules Violation Report (RVR) for manipulating staff, on the ground that Plaintiff was aware his cellmate was receiving his medication while it was happening. (Amend. Comp., court record p. 13.) Plaintiff alleges that the accusation against him was untrue and unfounded, and he asserts a personal injury claim for libel and slander. (Id., p. 16.)

**B.     Defamation Claim**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Simple defamation such as alleged here is not redressable under section 1983. Paul v. Davis, 424 U.S. 693, 711-12, 96 S.Ct. 1155 (1976) (harm or injury to reputation does not result in the deprivation of any recognized liberty or property interest); see also Buckey v. County of Los Angeles, 968 F.2d 791, 795 (9th Cir. 1992) (defamation-plus claims require the existence of a recognizable section 1983 wrong). Therefore, Plaintiff may not proceed in this action on his claim for libel and slander. For the reasons set forth below, Plaintiff also fails to state a due process claim on any other grounds or an Eighth Amendment claim, which, given Plaintiff's allegations, are the only conceivable grounds for relief under section 1983.

**C.     Due Process Claim**

The Due Process Clause of the Fourteenth Amendment protects prisoners against the deprivation of liberty without the procedural protections to which they are entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). It is unclear what happened with the RVR issued against Plaintiff, but even assuming a disciplinary hearing was eventually held and Plaintiff was found guilty as charged, the facts underlying Plaintiff's claims do not support the existence of a viable due process claim against Defendant Revell for issuing the RVR. There is simply no support for a claim that Defendant Revell, through the issuance of the RVR, deprived Plaintiff of a protected liberty interest, Wilkinson, 545 U.S. at 221-23; Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995), and Plaintiff's factual allegations and exhibits do not support a due process claim against Defendant Revell on any other theory, Burnsworth v. Gunderson, 179 F.3d 771, 774-75 (9th Cir. 1999).

**D.     Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those

deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

There is no factual support for a claim that Defendant Revell knowingly disregarded a substantial risk of harm to Plaintiff's health or safety. A mistake in dispensing medication such as alleged here does not violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

## III.   Conclusion and Order

Plaintiff may not proceed on a defamation claim against Defendant Revell, and his amended complaint fails to state any other claim for relief under section 1983. Although Plaintiff names additional defendants, because there is no underlying claim against Defendant Revell, there is no basis upon which a claim may be mounted against other personnel as a result of Defendant Revell's action. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Starr v. Baca, 652 F.3d 1202, 1205 (9th Cir. 2011). Based on Plaintiff's allegations and exhibits, the deficiencies in Plaintiff's claims against Defendant Revell cannot be cured and leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state a claim under section 1983; and
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:   April 4, 2012**             /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

4